UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSHUA BAILEY,

    Applicant,

v.                                        CASE NO. 8:13-cv-3042-T-23JSS

SECRETARY, Department of Corrections,

    Respondent.
_____/

**O R D E R**

Bailey applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges the validity of his state conviction for first degree murder, for which he serves life imprisonment. An earlier order (Doc. 19) dismissed the application as time-barred (even with equitable tolling based on attorney abandonment). Bailey moves under Rule 59(e), Federal Rules of Civil Procedure, to alter or amend a judgment, which motion the respondent opposes. (Docs. 21 and 22)

Bailey asserts entitlement to relief under Rule 59(e) for the following reason (Doc. 21 at 2–3):

> A new development in state court establishes that Petitioner Bailey's § 2254 petition is timely. After Petitioner Bailey was abandoned by post-conviction counsel, Petitioner Bailey filed a *pro se* Florida Rule of Criminal Procedure 3.850 motion on August 9, 2004. Petitioner Bailey's *pro se* rule 3.850 motion has been pending in state court since that date and has never been

> ruled upon (despite Petitioner Bailey's efforts to get a ruling on
> this motion). Recently, the Florida Second District Court of
> Appeal issued an order directing the state trial court to consider
> and rule on Petitioner Bailey's rule 3.850 motion:
>
>> The petition for writ of mandamus is granted
>> only to the extent that the copy of the petitioner's
>> motion for post-conviction relief attached to his
>> petition, which bears a prison date-stamp,
>> certificate of service, and notary signature
>> showing the date August 9, 2004, is hereby
>> forwarded to the clerk of the circuit court for
>> filing and review by the post-conviction court.
>> The court shall treat the motion as if filed on
>> August 9, 2004.
>
> Based on this recent order from the state appellate court, the
> record now establishes that Petitioner Bailey has had a state
> post-conviction motion pending in state court since August 9,
> 2004 (and the motion is still pending), meaning that the federal
> habeas statute of limitations has been tolled since that date (and
> remains tolled). This new development, combined with the
> Court's conclusion that Petitioner Bailey is entitled to equitable
> tolling from September 20, 2002, to December 5, 2012, means
> that Petitioner Bailey's § 2254 petition is timely.[1]
>
>> [1] Undersigned counsel recognizes that the Court
>> was not aware of the existence of the August 9,
>> 2004, *pro se* rule 3.850 motion when it issued the
>> September 29, 2017, order (and undersigned
>> counsel was also unaware of the *pro se* motion).

The respondent argues that the above representation fails to qualify for relief under Rule 59(e) "[b]ecause Bailey's argument does not rely on an intervening change in controlling law[,] availability of new evidence, or involve the need to correct clear error or prevent manifest injustice . . . ." (Doc. 22 at 5)

Relief under Rule 59(e) is limited. "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v.*

*King*, 500 F.3d 1335, 1343 (11th Cir. 2007). *Reid v. Neal*, 688 F. App'x 613, 616 (11th Cir. 2017), explains further:

> A Rule 59 motion cannot be used to raise arguments or present evidence that was available before the court entered the judgment. *Arthur*, 500 F.3d at 1343. Instead, to succeed on a Rule 59 motion, the movant must present newly-discovered evidence or manifest errors of law or fact. *Id.*

Although not specifically stated, Bailey seeks relief under Rule 59(e) because the judgment is based on a manifest error of fact that materially effected the untimeliness determination. This "material fact," however, was known by Bailey even if not by his counsel. A "forgotten" fact, but recently "discovered" or "recalled," is not "newly-discovered evidence." Instead, this fact "was available before the court entered the judgment," which, under *Reid*, precludes entitlement to relief under Rule 59(e).

Nevertheless, if Bailey succeeds in overturning the state court judgment in the pending motion for post-conviction relief, the application under Section 2254 would become moot. For that reason, the district court will stay this action until the state court proceedings conclude. As determined in the earlier order, the federal application is time-barred without tolling for the motion for post-conviction relief. The federal application will remain time-barred if the motion for post-conviction relief was not "properly filed" and, as a consequence, failed to toll the limitation.

Accordingly, the motion to alter or amend a judgment (Doc. 21) is held in **ABEYANCE** until the pending state court proceedings conclude. The clerk must

**ADMINISTRATIVELY CLOSE** the case. Not later than **JUNE 11, 2018**, Bailey must file a status report and each six months thereafter.

ORDERED in Tampa, Florida, on May 16, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE